UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

| | |
|---|---|
| **MIRANDA KAY LUCAS,** | **CIVIL ACTION NO. 0:15-cv-48-KKC** |
| **Plaintiff,** | |
| **V.** | **OPINION AND ORDER** |
| **CAROLYN W. COLVIN, Acting Commissioner of Social Security,** | |
| **Defendant.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court for consideration of cross-motions for summary judgment. (DE 12 & 14). The Plaintiff, Miranda Lucas, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial relief from an administrative decision of the Commissioner of Social Security denying her claims for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence and was decided by the proper legal standards.

## I. OVERVIEW OF THE PROCESS

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the administrative law judge ("ALJ") must follow. 20 C.F.R. § 404.1520(a)(4); *see also Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 652 (6th Cir. 2009) (describing the administrative process). The five steps, in summary, are as follows:

> 1) If the claimant is doing substantial gainful activity, the claimant is not disabled.

2) If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.

3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.

4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.

5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers*, 582 F.3d at 652 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 404.1520(b)–(g)).

The claimant bears the burden of proof through the first four steps of the analysis; but if the ALJ reaches the fifth step without finding the claimant disabled, then the burden shifts to the Commissioner. *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). The Commissioner satisfies the burden of proof at the fifth step by finding that the claimant is qualified for—and capable of performing—jobs that are available in the national economy and may rely upon the testimony of a vocational expert ("VE") regarding the range of potential jobs. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423, 425 (6th Cir. 2008).

## II. PROCEDURAL BACKGROUND AND THE ADMINISTRATIVE DECISION

Miranda Lucas ("Claimant") filed her claims for SSI and DIB on October 12, 2011, alleging an onset date of January 1, 2008. [TR 86–87]. The agency denied her application initially and upon reconsideration. [TR 165–178]. Claimant requested review by an ALJ, and a hearing was held on January 7, 2014. [TR 32–56]. The ALJ subsequently issued an unfavorable decision on January 24, 2014. [TR 11–31].

At the time the ALJ's decision was rendered, Claimant was 32 years old. [TR 86]. Claimant completed two years of college and has past relevant work as a fast food worker,

Case: 0:15-cv-00048-KKC  Doc #: 15  Filed: 07/22/16  Page: 3 of 9 - Page ID#: 1718

childcare worker, telemarketer, nurse's aide, and hotel maid. [TR 37, 39–40, 51]. She alleges disability due to fibromyalgia, bipolar disorder, and post-traumatic stress disorder. [TR 286]. Claimant's insured status expired on September 30, 2013. [TR 16].

First, the ALJ determined that Claimant has not engaged in substantial gainful activity since her alleged onset date of January 1, 2008. [TR 16]. Second, the ALJ found that Claimant suffers from the following severe impairments: fibromyalgia, obesity, depressive disorder, anxiety disorder, and personality disorder. [TR 16]. Third, the ALJ determined that Claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [TR 17].

Next, the ALJ reviewed the record to determine Claimant's residual functional capacity ("RFC"). RFC assesses a claimant's maximum remaining capacity to perform work-related activities despite the physical and mental limitations caused by the claimant's disability. 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). In finding Claimant's RFC, the ALJ considered all symptoms in light of the objective medical evidence and other relevant evidence, including the following: (i) daily activities; (ii) location, duration, frequency, and intensity of symptoms; (iii) precipitating and aggravating factors; (iv) type, dosage, effectiveness, and side effects of any medication; (v) additional treatment; (vi) additional measures used to relieve symptoms; and (vii) other factors concerning functional limitations and restrictions due to symptoms. 20 C.F.R. § 404.1529. After reviewing all of the evidence, the ALJ determined that Claimant has the RFC to perform light work, with the following limitations: sit for four hours out of eight, two hours without interruption; frequently climb ladders, scaffolds, stoop, kneel, crouch and crawl, can have no exposure to unprotected heights and only occasional exposure to dust, odors, fumes, pulmonary irritants, vibration, and temperature extremes; perform only simple routine tasks with occasional superficial

3

contact with coworkers and supervisors and no contact with the public in the task-oriented setting. [TR 19].

After establishing Claimant's RFC, the ALJ continued to the fourth step. The ALJ asked the VE to classify the Claimant's prior work. [TR 52–54]. The ALJ then asked the VE to classify the types of work a hypothetical individual with Claimant's vocational factors and RFC could perform. [TR 52–54]. The VE testified that this hypothetical individual could perform only a reduced range of light and sedentary work, thus, ruling out any past relevant work. [TR 23, 54]. Consequently, the ALJ moved to the fifth step. The ALJ asked if the hypothetical individual could make an adjustment to other work and the VE noted that this hypothetical individual could perform a number of unskilled light and sedentary jobs, including house sitter, order clerk, bench worker, final assembler, and laminator. [TR 54–55]. Therefore, the ALJ found Claimant not disabled. [TR 24–25].

The ALJ's decision that Claimant is not disabled became the final decision of the Commissioner when the Appeals Commission subsequently denied Claimant's request for review on May 22, 2015. [TR 1–6]. Claimant has exhausted her administrative remedies and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

## III. GENERAL STANDARD OF REVIEW

The decision of the Commissioner must be affirmed unless the ALJ applied the incorrect legal standards or the ALJ's findings are not supported by substantial evidence. *Lindsley v. Comm. of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In reviewing the decision of the Commissioner, courts should not conduct a *de novo* review, resolve conflicts in the

4

evidence, or make credibility determinations. *See Lindsley*, 560 F.3d at 604–05. Courts must look at the record as a whole, and "[t]he court 'may not focus and base [its] decision entirely on a single piece of evidence, and disregard other pertinent evidence.'" *Sias v. Sec. of H.H.S.*, 861 F.2d 475, 479 n.1 (6th Cir. 1988) (alteration in original) (quoting *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978)). Rather, courts must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court may have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

## IV. ANALYSIS

On appeal, Claimant presents two issues for review. First, Claimant argues that the ALJ failed to properly apply Social Security Ruling ("SSR") 12-2p in analyzing her fibromyalgia impairment at steps three, four and five. (DE 13 at 9.) Second, Claimant asserts that the ALJ erred in formulating her mental RFC and, thus, the hypothetical worker presented to the VE did not appropriately account for all of Claimant's mental impairments.

*1. The ALJ properly applied SSR 12-2p in analyzing Claimant's fibromyalgia.*

When, as here, an ALJ finds a severe fibromyalgia impairment at step two, SSR 12-2p provides that:

> FM cannot meet a listing in appendix 1 because FM is not a listed impairment. At step 3, therefore, we determine whether FM medically equals a listing (for example, listing 14.09D in the listing for inflammatory arthritis), or whether it medically equals a listing in combination with at least one other medically determinable impairment.

2012 WL 3104869, at *6. Claimant bears the burden of proving medical equivalency to one of the listed impairments.

5

Claimant does not identify any listed impairment that she feels the ALJ inappropriately disregarded. *Sheeks v. Comm'r of Soc. Sec. Admin.*, 544 F. App'x 639, 641 (6th Cir. 2013) ("In the normal course . . . the ALJ need not discuss listings that the applicant clearly does not meet, especially when the claimant does not raise the listing before the ALJ."). Instead, Claimant suggests that "the ALJ essentially made *no* step three finding" regarding her physical impairments. (DE 13 at 11 (emphasis in original).) This claim is belied by the explicit language of the opinion. The ALJ first stated that the Claimant did not meet or medically equal a listed impairment. [TR 17]. The ALJ explained this finding by citing to the opinions of three separate physicians that each found Claimant's impairments insufficient to justify limitations that would qualify for a disability finding at step three. [TR 17, 92–93, 116].

Claimant also contends that the ALJ failed to incorporate limitations in her RFC to account for fibromyalgia. (DE 13 at 12.) Claimant again cites to SSR 12-2p, which notes that:

> Widespread pain and other symptoms associated with FM, such as fatigue, *may* result in exertional limitations that prevent a person from doing the full range of unskilled work categories . . . . People with FM *may* also have nonexertional physical or mental limitations because of their pain or other symptoms. Some *may* have environmental restrictions, which are also nonexertional.

2012 WL 3104869, at *6 (emphasis added). The ALJ considered all of Claimant's impairments, including fibromyalgia, and assessed exertional and non-exertional limitations. [TR 19–23]. The RFC eventually adopted was significantly influenced by the opinion of examining physician Kip Beard, M.D. [TR 22]. Following a November 31, 2013, examination Dr. Beard indicated an impression of fibromyalgia, but determined they only resulted in minimal work related limitations. [TR 1555–1561]. The ALJ adopted these

6

limitations with the exception of further restricting the Claimant to only light and sedentary work. [TR 22].

In sum, the ALJ adhered to the requirements of SSR 12-2p at the final three steps of his analysis. The ALJ consulted the findings of three separate physicians before concluding that Claimant's fibromyalgia impairments did not singly, or in combination, medically equal one of the listed impairments. Next, the ALJ granted significant weight to the portions of an examining physician's opinion that were corroborated by the results of objective medical testing for limitations caused by fibromyalgia. The resulting step four RFC and step five hypothetical were arrived at after full and proper consideration of Claimant's fibromyalgia and other impairments.

*2. The ALJ accounted for every substantiated mental limitation in formulating Claimant's RFC.*

Claimant asserts that the ALJ's step three finding of moderate limitations in her concentration, persistence, or pace, was inadequately accounted for in formulating her RFC. (DE 13 at 12–14.) Specifically, Claimant finds insufficient the RFC's limitation for work involving only simple, routine tasks with occasional superficial contact with coworkers and supervisor, and no contact with the public in the task-oriented setting. [TR 19]. Claimant argues that such work still requires an employee to focus and labor at a pace she could not meet. (DE 13 at 13.)

As noted in the opinion, the ALJ's analysis of the paragraph B criteria does not translate into an RFC determination. [TR 18]. The "difficulties" described by the paragraph B criteria are markedly different from the functional limitations incorporated into an RFC. *See* SSR 96-8p, 1996 WL 374184, at 4*. The Commissioner may rely on the testimony of the VE to show the existence of a substantial number of jobs other than past work that the

7

claimant can perform only if the testimony is given in response to a hypothetical question that accurately portrays the claimant's physical and mental impairments. *See Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 513, 516 (6th Cir.2010). However, hypothetical questions must incorporate only the limitations that the ALJ has accepted as credible. *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir.1993).

Claimant relies on *Ealy* to support her claim for additional limitations. *Ealy* is distinguishable, however, because Claimant cites to no specific mental limitations that the ALJ failed to incorporate. *Compare Ealy* 594 F.3d at 516 (claimant's doctor indicating specific pace related limitations). In fact, the RFC's mental limitations exceeded any limits advocated by the physicians that reviewed Claimants records for psychological impairments. [TR 18, 104, 114]. Under the circumstances, "[a] limitation to routine and repetitive tasks accounts for those tasks she can perform despite her purported deficiencies." *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 437 (6th Cir. 2014) (internal quotation marks omitted). Accordingly, the limitations included the RFC and in the hypothetical question posed to the VE were determined through appropriate standards and supported by substantial evidence.

## V. CONCLUSION

For the reasons set forth above, the Court hereby **ORDERS** as follows:

1. Plaintiff's motion for summary judgment (DE 12) is **DENIED**;

2. The Commissioner's motion for summary judgment (DE 14) is **GRANTED**;

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A judgment consistent with this Opinion & Order will be entered contemporaneously.

Dated July 22, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

9